IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARISE L. LOGAN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-00038-G (BT) |
| | § | |
| CENTRAL INTELLIGENCE | § | |
| AGENCY, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Charise L. Logan brings this *pro se* civil action in federal court. The Court granted Logan leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. Ord. (ECF No. 6). Now, for the reasons stated, the Court should dismiss this civil action under 28 U.S.C. § 1915(e)(2)(B).

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are

"clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or wholly incredible." *Id.* at 33.

Courts must liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). But even under the most liberal construction, Logan's allegations describe irrational or wholly incredible claims against defendants. For example, Logan brings this lawsuit against George W. Bush, the Central Intelligence Agency (CIA), Calvin B. Davis, the Department of Secret Service, Homeland Security, and Wendy Logan. *Se* Compl. 2 (ECF No. 3); Am. Compl. 1 (ECF No. 7); 2d Am. Compl. 1 (ECF No. 9). In her complaint, she alleges that Defendants were part of a conspiracy "to break her human soul," and she was subjected to identity theft. *Id.* 3-5. Logan seeks "full" restitution, a public apology, and monetary compensation as relief. Compl. 5. In her amended complaint, Logan alleges several of the Defendants used their employer letterheads to defraud the public by obtaining fingerprints for an impersonator. Am. Compl. 1. She also includes several random attachments, including a Urine Chain of Custody Form from LabCorp, Am. Compl. 6, and copies of documents from a criminal case involving her conviction for trespass, which she appealed to the Texas Court of Appeals, *Charise Lynne Davis Logan, Appellant v. The State of Texas*, No. 02-15-00140-CR. 2d Am. Compl. 2-9. Logan claims that her exhibits

support her allegations that she was subjected to defamation of character. *Id.* 1. She further claims that in November 2017, she received a text stating her sister, Lisa June Logan, had died. *Id.* The Court should DISMISS Logan's claims under 28 U.S.C. § 1915(e)(2)(B) because they are frivolous and fail to state a claim on which relief may be granted.[1]

    **SO RECOMMENDED**.

    January 31, 2022.

                              REBECCA RUTHERFORD
                              UNITED STATES MAGISTRATE JUDGE

---

[1] In 2019, Logan brought similarly frivolous claims against several of the same defendants, which the Court summarily dismissed under § 1915(e). *See Logan v. Homeland Security, et al.*, Case No. 3:19-cv-01908-M-BT, Compl. 15-16 (ECF No. 3) (400-page complaint seeking money damages from Department of Homeland Security, the CIA, the United States Department of Defense, President Trump, President Bush, Barak Obama Michelle Obama, George (no last name), Calvin B. Davis, Wendy Logan, the Overland Park Kansas Police Department, the Arlington Police Department, the Fort Worth Police Department, the Bloomington Minnesota Police Department, the Richfield Minnesota Police Department, Don Eilts, Edmon Witherspoon, the U.S. Army Signal Corps, the United States Marine Corps, the City of Grand Prairie, DFW Airport, "Bally's Fitness for LA Fitness," Walmart, Kroger, Euless Car Auction, Carmax,, and the AT&T Stadium for alleged violations of various federal statutes related to cyber stalking, violence against women, computer hacking, wire taps, obstruction of justice, and civil conspiracy); FCR (ECF No. 11) (recommending that Logan's complaint be summarily dismissed with prejudice as frivolous pursuant to § 1915(e)(2)); Ord. (ECF No. 13); J. (ECF No. 14).

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).